# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN A. MEDFORD,

        Petitioner,   :   Case No. 3:20-cv-518

 - vs -                      District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

DONNIE MORGAN. WARDEN,
 Ross Correctional Institution,

                                :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Brian A. Medford to obtain relief from his convictions in the Common Pleas Court of Montgomery County, Ohio, on two counts of felonious assault, with firearm specifications, and one count of improperly handling a firearm in a motor vehicle.

Under Rule 4 of the Rules Governing § 2254 Cases, the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

**Litigation History**

On July 9, 2018, a Montgomery County grand jury indicted Petitioner on two counts of felonious assault, second degree felonies pursuant to Ohio Revised Code § 2903.11(A)(2) and (D)(1)(a), each with a firearm specification; and two counts of improperly handling a firearm in a motor vehicle, one a fourth degree felony pursuant to Ohio Revised Code § 2923.16(A) and (I), and the other pursuant to Ohio Revised Code § 2923.16(B) and (I). *State v. Medford*, 2019-Ohio-4800 ¶ 5 (Ohio App. 2d Dist. Nov. 22, 2019), appellate jurisdiction declined, 158 Ohio St. 3d 1424 (2020).  Medford was convicted on all counts and specifications and sentenced to an aggregate term of imprisonment of ten years.  The Second District Court of Appeals affirmed. *Id.* The Supreme court of Ohio then declined to consider an appeal. *Id.*

>Medford pleads five grounds for relief:
>
>>**Ground One:** The trial court erred in permitting Timothy Mclaughlin testify regarding ballistic analysis when his testimony failed to offer opinions based on scientific analisis [sic].
>>
>>**Supporting Facts:** The testimony was not based on reliable scientific, technical, or other specialized information.
>>
>>**Ground Two:** The sufficiency of the evidence does not support the appelants [sic] convictions.
>>
>>**Supporting Facts:** The evidence was insufficient to show the alleged conduct would probaly [sic] cause physical harm to the plaintiffs. There was nothing showing that sufficient evidence of knowingly caused, or attempted to cause physical harm to the plaintiffs [sic].  The convictions are not supported by the evidence.  The convictions are excessive.  The sentence are excessive.  Improper handling are not supported by sufficient evidence.
>>
>>**Ground Three:** The convictions are against the manifest weight of the evidence.

>**Supporting Facts:** The trier of fact clearely [sic] lost its way and created manifest miscarage of justice. Felonious Assaults are against the manifest weight of the evidence. The evidence does not demonstrate causing or attempting to cause physical harm. The greater weight of the evidence supports self defense, the jury lost its way.
>
>**Ground Four:** Trial counsel was ineffective.
>
>**Supporting Facts:** Counsel failed to object about the basis of the witness testimony, based on physical evidence and hearsay. Failed to object to leading questions. Failed to object to subjective photos. Failed to object to impermissible and prejudicial testimony. Failed to object to the beliefe [sic] of the expert[']s testimony shell cassings [sic] matching.
>
>**Ground Five:** The cumulative errors of the trial deprived the appellant [petitioner] of a fair trial.
>
>**Supporting Facts:** The inclusion of improper expert testimony and the improper admission of firearms testimony that was not based on scientific basis or techmical [sic] analysis bolstered the credibility of the complantaint [sic] , deprived the petitiorner [sic] a fair trial.

(Petition, ECF No. 3, PageID 32-39.)

**Generally Applicable Law**

Because Petitioner's convictions occurred after April 24, 1996, his habeas corpus case is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Under the AEDPA when a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133,

140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

A federal habeas corpus court does not sit as an appeals court from state court decisions on questions of state law. Instead, federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

## Analysis

**Ground One: Improper Expert Testimony**

In his First Ground for Relief, Medford complains that the State's firearms expert did not present proper expert testimony.

In Ohio the propriety of admitting expert testimony is governed by Ohio R. Evid. 702 which requires, *inter alia*, that an expert witness's testimony be based on "reliable scientific, technical,

4

or other specialized information." Ohio Evid. R. 702 is based in turn on the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), which rejected the older test for admission of expert testimony adopted in *Frye v. United States,* 293 F. 1013 (D.C. Cir. 1923). However, the Supreme Court's decision in *Daubert* was not made as a matter of constitutional law, but rather of interpretation of the Federal Rules of Evidence. That is, the Supreme Court did not make compliance with *Daubert* a requirement of the United States Constitution.

Because compliance with *Daubert* is not required by the Constitution, the question of whether McLaughlin's testimony was properly admissible is a question of Ohio evidence law and this Court is bound on this question by the decision of the Second District Court of Appeals. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Medford's First Ground for Relief should therefore be dismissed for failure to state a claim upon which habeas corpus relief can be granted.

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Medford claims his convictions are not supported by sufficient evidence.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Thompson v. Skipper*, 981 F.3d 476 (6th Cir. 2020), *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the AEDPA, two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable

> doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012)(*per curiam*).

Medford presented his sufficiency of the evidence claim to the Second District Court of Appeals as his Second Assignment of Error and that court decided it as follows:

> [*P21] In his second assignment of error, Medford argues that the State did not introduce sufficient evidence to prove that he was guilty of two counts of felonious assault because the evidence did not show that he "was aware that there was a probability that he would cause physical harm to Cummings or her daughter," and he

7

argues that the State did not prove that he was guilty of two counts of improper handling of a firearm in a motor vehicle because he "acted in self-defense." Appellant's Brief 11 and 14. [Description of manifest weight assignment of error omitted.]

[*P22] Sufficiency of the evidence "is the legal standard applied to determine whether * * * the evidence [in a given case] is [adequate] as a matter of law to support the * * * verdict." *State v. Smith*, 80 Ohio St. 3d 89, 113, 1997-Ohio-355, 684 N.E.2d 668 (1997), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997- Ohio 52, 678 N.E.2d 541 (1997). On review of a challenge to a conviction based on the sufficiency of the evidence, the "'relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *Id*., quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

* * * [Analysis of manifest weight assignment of error omitted.]

[*P25] Medford was convicted of two counts of felonious assault and two counts of improperly handling a firearm. R.C. 2903.11(A)(2) prohibits any "person [from] knowingly * * * [c]aus[ing] or attempt[ing] to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." R.C. 2923.16(A) prohibits any "person [from] knowingly discharg[ing] a firearm while in or on a motor vehicle," and R.C. 2923.16(B) prohibits any "person [from] knowingly transport[ing] or hav[ing] a loaded firearm in a motor vehicle * * * such * * * that the firearm is accessible to the operator or any passenger without leaving the vehicle." Under R.C. 2901.22(B), a "person acts knowingly, * * *, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." The intended purpose of the person's conduct is irrelevant. *Id*.

[*P26] When he took the stand, Medford admitted that while he was seated in his own car, he fired his gun at Cummings's car, which proved conclusively that he violated R.C. 2923.16(A)-(B). Furthermore, irrespective of his intentions, he was or should have been aware that by firing his gun, he could have caused physical harm to Cummings and her daughter. [footnote omitted] See *State v. Shoecraft*, 2d Dist. Montgomery No. 27860, 2018-Ohio-3920, ¶ 76 (observing that "it is reasonable to assume that [a person] who fires [several] shots from a gun into a moving car with two occupants knows that there is a 'significant possibility' that more

8

than one person could suffer physical harm as a result"). The evidence was therefore quantitatively sufficient to prove the essential elements of felonious assault pursuant to R.C. 2903.11(A)(2), and qualitatively adequate to support the jury's verdicts.

[*P27] Furthermore, the trial court instructed the jury on self-defense, as Medford requested. See Transcript of Proceedings 334:13-336:25. To "establish self-defense, a defendant must prove the following elements: (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." (Citation omitted.) *State v. Barnes*, 94 Ohio St. 3d 21, 24, 2002-Ohio-68, 759 N.E.2d 1240 (2002). The test for whether a defendant's belief is "bona fide" is "'a combined subjective and objective test.'" See *State v. Stargell*, 2d Dist. Montgomery No. 26446, 2016-Ohio-5653, ¶ 50, 70 N.E.3d 1126, quoting *State v. Thomas*, 77 Ohio St. 3d 323, 330, 1997-Ohio-269, 673 N.E.2d 1339 (1997).

[*P28] Even if Cummings did threaten Medford, as he and Jones testified, Cummings drove away from the gas station before Medford. Given that she had made no attempt to harm Medford before leaving, the jury did not disregard the weight of the evidence by deciding that Medford lacked an objectively reasonable belief that he was in imminent danger of death or great bodily harm. For that matter, the facts precluded the possibility of Medford proving that his only means of escaping the danger posed by Cummings, if any, was through the use of deadly force; once Cummings left the gas station, Medford could not have been in any imminent danger. See, e.g., *State v. Williford,* 49 Ohio St.3d 247, 249, 551 N.E.2d 1279 (1990) (noting that a "defendant is privileged to use [only] that force which is reasonably necessary to repel the attack"). Medford's second and third assignments of error are overruled.

*State v. Medford, supra.*

Based on the facts testified to at trial as cited by the Second District, its decision on the sufficiency of the evidence is plainly an objectively reasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). Ground Two should therefore be dismissed on the merits.

9

**Ground Three:  Convictions Against the Manifest Weight of the Evidence**

In his Third Ground for Relief, Medford claims his convictions are against the manifest weight of the evidence.  This Ground for Relief should be dismissed because it does not state a claim under the United States Constitution.  A weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

**Ground Four:  Ineffective Assistance of Counsel**

In his Fourth Ground for Relief, Medford claims he received ineffective assistance of trial counsel.

The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

#

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

Medford presented his claim of ineffective assistance of trial counsel to the Second District Court of Appeals as his Fourth Assignment of Error and that court decided the claim as follows:

> [*P30] Here, Medford argues that his trial counsel failed to provide effective assistance, listing the purported deficiencies of counsel's performance in two categories: "Failure to Object" and "Cross-examination." Appellant's Brief 21 and 24. In the former category, Medford criticizes counsel for not objecting to Timothy McLaughlin's expert testimony; for not objecting to the testimony of Deputy David Posma of the Montgomery County Sheriff's Department; for not objecting to an unspecified number of leading questions asked of an unspecified number of witnesses; for not objecting to some, or perhaps all, of the photographs of the crime scene introduced into evidence by the State; and for not objecting to

11

> Deputy Posma's testimony about a "subjective" photographic identification procedure, during which Cummings identified Medford as the shooter. In the latter category, Medford criticizes counsel for being "ineffective in his cross[-]examination of [an unspecified number of] key witnesses." Appellant's Brief 24.
>
> [*P31] To prevail on a claim of "ineffective assistance of counsel, a defendant must satisfy the two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Cardenas*, 2016-Ohio-5537, 61 N.E.3d 20, ¶ 38 (2d Dist.). The Strickland test requires a showing that: "(1) defense counsel's performance was so deficient that [it did not fulfill the right to assistance of counsel] guaranteed under the Sixth Amendment to the United States Constitution; and (2) * * * defense counsel's errors prejudiced the defendant." *Id.,* citing *Strickland* at 687. Judicial "scrutiny of counsel's performance must be highly deferential," so "a [reviewing] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." *Strickland* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). To show prejudice, the defendant bears the burden to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of [a given] proceeding would have been different." *Id*. at 694; *State v. Southern,* 2d Dist. Montgomery No. 27932, 2018-Ohio-4886, ¶ 47. A failure to make either showing defeats the claim. *Cardenas* at ¶ 38.
>
> [*P32] Medford faults his trial counsel for failing to object to testimony establishing that the five shell casings recovered by deputies were fired through the same gun; that deputies were called to the gas station on Salem Avenue for a "felonious assault complaint"; that Cummings's car was struck by bullets; and that Medford fired a gun at Cummings's car. Appellant's Brief 21-24. He further faults counsel for being "ineffective in [the] cross-examination of key witnesses." *Id*. at 24. Yet, even if Medford were able to show that his trial counsel's conduct were so deficient that it fell outside the wide range of reasonably competent representation, Medford would still be unable to prevail on his claim of ineffective assistance because he could not show that counsel's purported errors prejudiced his case. Medford admitted that as he was driving away from the gas station, he fired a gun at Cummings's car. See Transcript of Proceedings 288:3-291:3. Thus, Medford's own testimony provided essentially all evidence required to support his convictions. Medford's fourth assignment of error is overruled.

*State v. Medford, supra.*

12

This excerpt shows that the Second District applied the appropriate federal standard derived from *Strickland*. *Strickland* itself holds there is no need to analyze the deficient performance prong when whatever defense counsel did or omitted to do did not prejudice the case. And here Medford himself admitted the facts necessary to convict him on all the charges: he admitted to firing his gun from his car at Cummings' car which had two persons in it at the time. Ground Four should be dismissed on the merits.

**Ground Five: Cumulative Error**

In his Fifth Ground for Relief, Medford claims that the accumulated errors made by the trial court deprived him of a fair trial. This claim should be dismissed because it is not cognizable in habeas corpus. *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006). *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012), *cert. denied sub nom. Moreland v. Robinson*, 134 S. Ct. 110 (2013). See also *Ahmed v. Houk*, 2014 U.S. Dist. LEXIS 81971, *332 (S.D. Ohio 2014).

In *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002), the court held:

> The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief. Thus, it cannot be said that the judgment of the Ohio courts is contrary to *Berger*, or to any other Supreme Court decision so as to warrant relief under the AEDPA. *Cf. Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983) (pre-AEDPA case; holding that "errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair").

*Id.* at 447.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 4, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #